922 F.2d 842
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky WHITE, Plaintiff-Appellee,
v.
John T. WIGGINTON, Defendant-Appellant.
 No. 90-5471.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1991.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, John T. Wigginton, Secretary of the Kentucky Corrections Cabinet (Wigginton), appeals from an order of the district court awarding attorneys' fees to plaintiff-appellee, Ricky White (White), incurred in this civil rights action commenced pursuant to 42 U.S.C. Sec. 1983.
 
 
 2
 White commenced this action in April, 1988, at which time he was an "intake" prisoner at the Grayson (Kentucky) County Jail, awaiting transfer to a state penitentiary. In his complaint, White declared that he had several cavities and was in need of dental care. In response to his request for such treatment, White was informed by an officer of the Corrections Cabinet that the state would extract decayed teeth but would not fill his cavities. White asserted in his complaint that the Cabinet's policy against providing the treatment he had requested constituted indifference to a serious medical need, in contravention of the eighth amendment to the Constitution.
 
 
 3
 Shortly after filing his complaint, White was sent to a dentist for treatment and his cavities were filled. On June 2, 1989, the district court dismissed the case as moot, and granted White leave to file for attorneys' fees under 42 U.S.C. Sec. 1988. In his fee application, White indicated that 43.7 hours had been expended on the litigation at a rate of $125 an hour. This reflected a lodestar fee of $5,462.50.
 
 
 4
 In an order dated February 23, 1990, the district court granted White $7,647.50 in fees. This number reflected both a preliminary finding that White was a "prevailing party" in the litigation and a determination that, because White's counsel had undertaken representation on a contingency basis, the fee should be "enhanced" by a factor of 1.4. Wigginton challenged both findings on appeal.
 
 
 5
 With respect to the district court's determination that White was a "prevailing party" as that term is employed in 42 U.S.C. Sec. 1988, this court finds that this characterization of White's success is supportable under applicable precedent. See, e.g., Texas State Teachers Ass'n. v. Garland Indep. School Dist., 109 S.Ct. 1486, 1491 (1989) (prevailing party is one who succeeds "on any significant issue in litigation" thereby achieving "some of the benefit the part[y] sought in bringing the suit"); Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983) (same). See also, Hewitt v. Helms, 107 S.Ct. 2672, 2675-76 (1987).
 
 
 6
 A finding that a party has "prevailed" in civil rights litigation does not end the attorneys' fees inquiry because the amount of a "reasonable" fee remains to be determined. Hensley v. Eckerhart, 461 U.S. at 433, 103 S.Ct. at 1939. An attorneys' fee award may, in some cases, be "enhanced to reflect the contingent nature upon which the case was taken." Conklin v. Lively, 834 F.2d 543, 553 (6th Cir.1987). A district court must make specific factual findings in support of its decision to enhance a fee based on a perceived contingency factor. Id. See Pennsylvania v. Delaware Valley Citizen's Council, 107 S.Ct. 3078, 3091 (1987) (O'Connor, J., dissenting); Johnson v. Hardin County, Kentucky, 908 F.2d 1280, 1288 (6th Cir.1990).
 
 
 7
 In the case at bar, the district court failed to support its contingency enhancement with the requisite factual findings. The court merely stated that White's counsel undertook his representation on a contingency basis and that this fact, standing alone, warranted an increase of 40% over the lodestar amount, even though counsel's efforts on behalf of White appear to have been limited to the filing of a complaint. In Conklin v. Lively, supra, this court was presented with a similar situation and held that the district court was required to elaborate upon its reasons for the enhancement. Absent such findings, it is impossible for this court to review the district court's decision for abuse of discretion. See Loudermill v. Cleveland Bd. of Education, 844 F.2d 304, 308-09 (6th Cir.1988) (award of attorneys' fees reviewed for abuse of discretion). The cases cited above, particularly Pennsylvania v. Delaware Valley, illuminate the nature of the findings that may properly be advanced in support of a contingency enhancement. See also, Northcross v. Bd. of Education of Memphis, 611 F.2d 624, 638 (6th Cir.1979).
 
 
 8
 Accordingly, the judgment of the district court is affirmed in part and reversed in part. The matter is hereby remanded to the district court for reconsideration of the suitability of a contingency enhancement in light of factors suggested in the published cases and for further proceedings consistent with this opinion.